# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| JANE DOES I, II, III, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 3:20-1260 |
| ) | |
| EUGENE SCALIA, United States ) | (JUDGE MANNION) |
| Secretary of Labor, et al., ) | |
| ) | |
| Defendants. ) | |

---

# DECLARATION

I, Mark L. Stelmack, state pursuant to 28 U.S.C. § 1746:

1. I am the Area Director for the Occupational Safety and Health Administration's Wilkes-Barre, Pennsylvania Area Office. In that position, I am the highest management official within the Area Office, and I am ultimately responsible for all decision-making that is made at the area office level within the Wilkes-Barre office's jurisdiction.

2. On or about April 9, 2020, my office received two online complaints about working conditions at the Maid-Rite Specialty Foods, LLC meatpacking plant in Dunmore, Pennsylvania. One was

electronically signed by an employee's husband; the other was not electronically signed. Both reported concerns about working conditions as they related to the spread of COVID-19.

3. My office reviewed the complaints and processed them as a single non-formal complaint under guidelines provided by OSHA's national office. We sent an inquiry letter to Maid-Rite, detailing the bases for the complaint and requesting a response.

4. On April 15, 2020, my office received documents from Maid-Rite regarding its efforts to control the spread of COVID-19 at its Dunmore plant.

5. The documents that Maid-Rite submitted showed that it was taking several steps toward controlling the spread of COVID-19 at its facility. For example, the company engaged a third party to prepare a COVID-19 assessment checklist. It also hired an industrial cleaning firm to clean and sanitize its Plant with a disinfectant. It also instituted a staggered schedule for lunch and breaks, and it procured and issued masks to employees. It also ordered clear plastic faceshields for all employees, and it began taking the temperatures of all employees before they entered the facility.

6. On or about May 20, 2020, my office received another complaint regarding conditions at the Maid-Rite facility. We again sent an inquiry letter to Maid-Rite.

7. Upon review of Maid-Rite's response, including documents it sent to us, I decided that a formal inspection of the Maid-Rite facility should be opened to determine whether the company was taking all feasible measures to allow employees to socially distance.

8. On or about June 2, 2020, the Wilkes-Barre Area Office opened Inspection 1477025 against Maid-Rite. I assigned Compliance Safety and Health Officer (CSHO) Shannon Warner to handle the inspection.

9. CSHO Warner conducted an on-site visit at the Maid-Rite facility on July 9, 2020. She has also interviewed employees who work at the facility.

10. Based upon the complaints we have received, as well as my review of the documents submitted by Maid-Rite and the information compiled by CSHO Warner, it is my opinion that conditions at the Maid-Rite plant, as we presently understand them, do not pose an imminent danger to Maid-Rite's employees.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 27, 2020.

                                                 Mark L. Stelmack