## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

―――――――――――――――――――――――――――――――――――――――――

| | | |
|---|---|---|
| JANE DOES I, II, III, et al., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:20-1260 |
| | ) | |
| EUGENE SCALIA, United States | ) | (JUDGE MANNION) |
| Secretary of Labor, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

―――――――――――――――――――――――――――――――――――――――――

## BRIEF IN SUPPORT OF MOTION TO STRIKE
## EXHIBITS TO PLAINTIFFS' POST-HEARING BRIEF

Defendants respectfully move to strike the declarations attached as Exhibits B, C, and D to Plaintiffs' post-hearing brief (Docs. 43-2, 43-3 & 43-4). These exhibits consist of declarations from Plaintiff Jane Doe II (not sworn to under penalty of perjury), an anonymous non-plaintiff, and a purported expert witness. None of these declarants testified at the July 31, 2020 evidentiary hearing, despite the fact that Plaintiffs had a full opportunity to present evidence and call witnesses at that time. Nor did Plaintiffs obtain leave of court to attach the declarations to their post-hearing brief. Because admission of these declarations would unfairly prejudice Defendants, they should be stricken. *See Shapiro, Lifschitz & Schram, P.C. v. Hazar*d, 90 F. Supp. 2d 15, 17 (D.D.C. 2000) (striking affidavit attached to a post-

hearing brief and stating, "The Court expected that in holding an evidentiary hearing, the parties would present all their evidence at the hearing because such a forum provides a fair opportunity for the parties to present their evidence and cross-examine opposing witnesses.").

A.    *Background*

On July 22, 2020, Plaintiffs filed (Doc. 1) a "Complaint and Emergency Petition for Emergency Mandamus Relief," alleging that the Secretary of Labor arbitrarily and capriciously failed to seek an order under Section 13 of the Occupational Safety and Health Act, 29 U.S.C. § 622, to restrain allegedly imminently dangerous conditions at a Maid-Rite meat processing plant in Dunmore, Pennsylvania (the facility). In their Prayer for Relief, Plaintiffs requested "oral argument on this Complaint and Petition as soon as the Court deems practicable." Compl. ¶ 156.

On July 23, 2020, this Court entered an order (Doc. 6) which, among other things, scheduled a hearing for July 31, 2020, "to hear argument on whether a writ of mandamus should issue pursuant to 29 U.S.C. § 622(d)." The order further stated that the hearing would be evidentiary:  "The parties should be prepared to present evidence on whether the Secretary of Labor acted arbitrarily and capriciously in failing to seek an injunction or temporary restraining order" against Maid-Rite regarding the alleged imminent danger.

On July 29, 2020, Plaintiffs filed "proposed plans" for the evidentiary hearing (Doc. 27). They stated that they intended to present witnesses at the hearing and that at least two anonymous Maid-Rite workers were "willing to present themselves for questioning," one of which was a current employee. Plaintiffs requested that the Court "arrange a time outside of business hours where these [anonymous] witnesses c[ould] testify," and "that the courtroom be closed for their testimony[.]" Plaintiffs also requested post-hearing briefs to "summariz[e] the evidence presented at the hearing."

On July 30, 2020, Defendants moved (Doc. 30) for a stay of the evidentiary hearing pending the Court's resolution of Defendants' Motion to Dismiss. Plaintiffs opposed a stay, arguing in part that Defendants waited too long to seek it: "[T]he Government—which has been on notice of the scheduled hearing since last week and received an extension to prepare its motion—waited until the day before the hearing, *after Plaintiffs informed the Government they were preparing witnesses and experts*, to file this request." Doc. 32 at 2 (emphasis added). The Court denied Defendants' motion (Doc. 33).

Also on July 30, Plaintiffs filed a "Notice of Additional Declarations." (Doc. 37). In that document, Plaintiffs represented to the Court that a couple of their witnesses wished to testify under conditions that would protect their anonymity. "[A]s a proffer for the Court," the document further stated, "Plaintiffs are attaching

redacted declarations detailing these witnesses' intended testimony." Doc. 37. One of the attached declarations (Doc. 37-1) was an anonymous Maid-Rite. The second declaration attached to the Notice of Additional Declarations was from a former Maid-Rite employee who had not worked at the facility since late May, *see* Doc. 37-2 at ¶ 14, and was not signed under penalty of perjury as required under 28 U.S.C. § 1746.

The Court held the evidentiary hearing on July 31, 2020. Plaintiffs did not call a single current or former employee as a witness. Nor did Plaintiffs seek permission to offer such testimony at a different time.

Instead, Plaintiffs indicated that they intended to call Dr. Melissa Perry, an epidemiologist, Tr. 46, as well as a "former OSHA official," Tr. 125. Plaintiffs, however, ultimately chose not to call Dr. Perry as a witness and did not argue that her testimony should be admitted. Therefore, Defendants had no occasion to raise their objections to her testifying (at all or as to the scope, including that she is not in a position to render opinions as to the specific conditions or feasibility of abatement measures at the facility at issue). Nor did the Court have occasion to rule on whether to hear or limit her testimony.

At the close of witness testimony, the Court discussed the submission of post-hearing briefs, but made no suggestion that the record would be kept open for the

submission of additional information or evidence. Tr. 200-03. Nor did Plaintiffs' move for leave to submit post-hearing declarations.

Plaintiffs filed their post-hearing brief (Doc. 43) on August 14, 2020. Contrary to their hearing procedure proposal, it was anything but a 'summar[y]' of the 'evidence presented at the hearing' and instead relies heavily on three *post-hearing* declarations attached to Plaintiffs' brief." First, Exhibit B (Doc. 43-2) purports to be a declaration of Plaintiff Jane Doe II, dated August 11, 2020, but is not signed under penalty of perjury. Next, Exhibit C (Doc. 43-3) is a declaration, dated August 11, 2020, from the anonymous third party who, according to Plaintiffs, is a mechanic at the facility and whose previous declaration was contained in Plaintiffs' July 30 filing. *See also* Pls.' Br. 1 n.1. Finally, Exhibit D (Doc. 43-4) is a declaration dated August 14, 2020, from the same Dr. Perry mentioned at the hearing, which purports to set forth her expert opinions about this matter.

Plaintiffs did not seek leave of Court to attach or rely on these declarations, yet they do in fact rely on the declarations throughout their brief. *See*, *e.g.*, Br. at 1, 8, 10–12, 15, 18, 23–24.

B.    *The Declarations Should be Stricken.*

In the exercise of its broad discretion on matters of case management, *see Drippe v. Tobelinski*, 604 F.3d 778, 783 (3d Cir. 2010), this Court should strike the declarations attached to Plaintiffs' post-hearing brief.  Where, as here, the Court

schedules and conducts an evidentiary hearing in a civil matter, the time for presenting evidence is at the hearing. *See*, *e.g.*, *Rylander w. United States*, 460 U.S. 752, 757-58 (1983); *McDermott Gulf Operating Co. v. Con-Dive*, LLC, 2009 WL 1537871, at *2 (S.D. Ala. May 29, 2009) ("A hearing, like a trial, represents the end of the evidence, not its beginning."); *aff'd*, 371 F. App'x 67 (11th Cir. 2010). At that time, the trier of fact can assess a witness's demeanor and credibility, and the opposing party has the opportunity for cross-examination and to raise objections. The benefits of a fair and orderly presentation of evidence are lost where one party attempts to introduce witness testimony through post-hearing declarations.

That is all the more so where experts are concerned. Federal trial practice includes strict safeguards to ensure that the opposing party is provided advanced notice regarding what an expert will testify to at a hearing, *see* Fed. R. Civ. P. 26, and the expert cannot testify at trial unless the Court is satisfied that the expert is qualified and is offering reliable and helpful opinions. *See* Fed. R. Evid. 702. A party cannot insulate his expert's opinions from scrutiny by introducing them for the first time in a declaration attached to a post-hearing brief.[1]

---

[1] Dr. Perry's declaration does not indicate that she visited the facility at issue or that she had sufficient specific information about the facility itself or working conditions in it to reach expert opinions. In analogous circumstances in *Rural Community Workers Alliance v. Smithfield Foods*, ___ F.Supp.3d ___, 2020 WL 2145350, at *5 (W.D. Mo. May 5, 2020), the court found Dr. Perry's opinions to be of "limited value" and more akin to "good-faith speculation than an evidenced-based conclusion."

6

Here, Plaintiffs had the opportunity to present (or at the very least argue for the opportunity to present) the testimony of Plaintiff Jane Doe II, the anonymous Maid-Rite mechanic, and Dr. Perry (among others) at the July 31 hearing, but chose not to do so. Having made that choice, they cannot now expect the Court to consider their post-hearing declarations,[2] thereby depriving Defendants the opportunity to raise objections and for cross-examination. Even a criminal defendant cannot give his side of the story and then insulate himself from cross-examination. *See Brown v. United States*, 356 U.S. 148, 154-55 (1958). Because the practice is prejudicial to the opposing party, courts have not hesitated to strike post-hearing affidavits when litigants attempt to rely on them. *See, e.g., McDermott Gulf*, 2009 WL 1537871, at *2; *Southern Elec. Health Fund v. Bedrock Servs.*, 2005 WL 3108461, at *6-7 (M.D. Tenn. 2005) (rejecting a defendant's "unilateral attempt to expand the evidentiary record after" a hearing "by submitting declarations and exhibits that [the plaintiff had] no opportunity to cross-examine"); *Shred-It USA, Inc. v. Mobile Data Shred,*

---

[2] Nor should the Court consider the declarations that Plaintiffs submitted as "proffers" on the literal eve of trial. (Doc. 37). One of the attached declarations (Doc. 37-1) was from the same anonymous mechanic whose declaration is attached to Plaintiffs' post-hearing brief. *See* Doc. 43-3 ¶ 1. Thus, that declarant was one of the witnesses Plaintiffs represented would be available to testify at the July 31 hearing, but Plaintiffs chose not to call him or her. The second declaration was from a former employee who had not worked at the facility since late May, *see* Doc. 37-2 at ¶ 14, and was not signed under penalty of perjury as required under 28 U.S.C. § 1746.

*Inc.*, 238 F.Supp.2d 604, 607 (S.D.N.Y. 2002) (acceptance of a post-trial expert affidavit "would contravene the letter and spirit of Federal Rule of Civil Procedure 26 and unduly prejudice" the opposing party); *Shapiro, Lifschitz & Schram, P.C.*, 90 F. Supp. 2d at 17.[3]

Plaintiff Jane Doe II's declaration (Doc. 43-2) should be stricken for the additional reason that it was not sworn to under penalty of perjury.  *See* 28 U.S.C. § 1746. Such a declaration would not even be admissible at the summary judgment or merits stage. *See United States ex rel. Doe v. Heart Solution, PC*, 923 F.3d 308, 315-16 (3d Cir. 2019) ("[W]hile an unsworn statement may be considered on summary judgment, an unsworn statement that has not been made under penalty of perjury cannot."). Therefore, it cannot be considered on Plaintiffs' post-hearing brief, which seeks relief on the merits.

Finally, Plaintiffs cannot obtain admission of the declarations by styling their post-hearing brief in part as a "Response to Motion to Dismiss." Plaintiffs' post-hearing brief makes clear that the declarations are intended to respond to evidence

---

[3] In *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 894-98 (1990), the Court held that a district court did not abuse its discretion by refusing to consider affidavits that the respondent submitted for the first time after a hearing on summary judgment. In so ruling, the Court noted the Federal Rules' decided preference for the submission of affidavits *before* a hearing, not after it. *See* 497 U.S. at 895-96 (discussing Fed. R. Civ. P. 6 & 56). Plaintiffs here are in a worse posture than the respondent in *Lujan*, since here the late submissions came after an evidentiary hearing on the merits of Plaintiffs' claim.

that was adduced at the hearing. *See*, *e.g.*, Pls.' Br. at 3 n.3.; Pls.' Br. at 8, 10.   In

any event, a complaint may not be amended by the briefs in opposition to a motion

to dismiss. *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d

Cir. 1988).[4]

 Respectfully submitted.


         DAVID J. FREED
         UNITED STATES ATTORNEY

Date: August 21, 2020

         /s/ G. Michael Thiel
         G. MICHAEL THIEL
KATE S. O'SCANNLAIN   Assistant U.S. Attorney
SOLICITOR OF LABOR    Atty. I.D. #PA 72926
         235 N. Washington Ave., Ste.311
/s/ Oscar L. Hampton III   Scranton, PA 18503
OSCAR L. HAMPTON III   Phone: (570) 348-2800
Regional Solicitor     mike.thiel@usdoj.gov
Atty. I.D. #MO 36778
170 S. Independence Mall West
Suite 630 East      EDMUND C. BAIRD
Philadelphia, PA 19106    Associate Solicitor for
(215) 861-5120      Occupational Safety and Health
hampton.oscar@dol.gov

---

[4] If the Court decides to consider the declarations, Defendants request the opportunity to cross-examine Plaintiffs' declarants under oath and to submit counter-declarations or evidence and briefing.