UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOES I, II, III and FRIENDS OF FARMWORKERS, INC. D/B/A JUSTICE AT WORK IN ITS CAPACITY AS EMPLOYEE REPRESENTATIVE,<br><br>Plaintiffs,<br><br>EUGENE SCALIA, IN HIS OFFICIAL CAPACITY AS UNITED STATES SECRETARY OF LABOR; OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION, UNITED STATES notice DEPARTMENT OF LABOR,<br><br>Defendants. | Case No.: 3:20-cv-01260 |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

Defendants have moved to strike Plaintiffs' declarations attached as Exhibits B, C, and D to Plaintiffs' Post-Hearing Brief (Dkt. Nos. 43-2, 43-3, & 43-4), arguing that it is unfair to allow these witnesses to submit declarations because they did not testify at the July 31 hearing in this matter. (Dkt. No. 44; Br., Dkt. No. 45.)

The Court has wide discretion to allow the declarations and give them whatever weight the Court deems they deserve. *Drippe v. Tobelinski*, 604 F.3d 778, 783 (3d Cir. 2010). Because the declarations provide highly pertinent information, some of which was not available at the time of the hearing, and because Defendants were on notice that Plaintiffs intended to submit evidence and even requested that Plaintiffs submit additional evidence, the Court should deny Defendants' motion. Nonetheless, all three declarants are available to provide testimony for the Court if the Court desires.

### A. **Plaintiffs' Additional Declarations Do Not Unfairly Prejudice Defendants.**

Defendants' principal argument is that Plaintiffs had an opportunity to submit testimony from the declarants at the July 31 hearing, and they missed it. Defendants compare Plaintiffs' additional declarations to those submitted in *Shapiro, Lifschitz & Schram, P.C. v. Hazard*, where "[t]he Court expected that in holding an evidentiary hearing, the parties would present all their evidence at the hearing." 90 F. Supp. 2d 15, 17 (D.D.C. 2000). Here, however, the Court had no such expectation, and Defendants should not have either.

1

Plaintiffs made clear that the worker declarants would not be available to testify at the hearing because they did not wish to reveal their identities, but that they would make themselves available for questioning later. (Dkt. No. 27; *accord* Br. at 3 (acknowledging that Plaintiffs stated that workers were "willing to present themselves for questioning" at a different time)). Defendants suggested they understood this at the hearing. (Tr. 9:17-18, Dkt. No. 43-1.) Indeed, Plaintiffs are still willing to provide the Court an opportunity to hear from the worker Plaintiffs or non-Plaintiff declarants if the Court deems it necessary or helpful, but the facts in the declarations are not truly subject to dispute.[1]

Moreover, the Court made clear that because the July 31 court date was a hearing, not a trial, it was not interested in hearing every piece of evidence possibly available. (*See* Tr. 78:10-16.) During an exchange with the Court about remaining witnesses, Plaintiffs understood the Court to be advising them not to call their expert to the stand. (*See* Tr. 125:11-17.) The Court's statements informed Plaintiffs' counsel's choices about which witnesses to present. Plaintiffs provided this information with their post-hearing brief so the Court can consider the evidence to the extent the Court deems it relevant. Plaintiffs are also able to produce Dr. Perry

---

[1] Defendants point out that declarations from Jane Doe II do not include language stating that they were signed under penalty of perjury. (*See* Dkt. Nos. 37-2; 43-2.) This was a typographical error by counsel, and Plaintiffs will submit an additional declaration from Jane Doe II soon, which will affirm that her prior declarations were signed under penalty of perjury.

2

for testimony and cross examination to the extent the Court deems such live testimony helpful or necessary.

Further still, Defendants have *insisted* that Plaintiffs produce additional evidence not available at the hearing. Despite knowing that the worker Plaintiffs would not testify at the hearing, (Dkt. No. 27), Defendants requested that Plaintiffs produce updated information about the worker Plaintiffs' employment at the Plant. (Tr. 7:16-21 ("All we're asking is for the Plaintiffs to come forward with information . . . that actually establishes that the employees upon whose behalf they are bringing the case are actual employees."); Tr. 9:1-4 ("First, the declarations were signed in June, not in and around the time the petition was filed. So that itself establishes that the employee may not still be an employee of Maid-Rite. So that is a factual issue right there.").) Defendants have continued to advance these arguments, despite offering no basis to conclude the Doe Plaintiffs' status changed between the date Defendants accepted Plaintiffs' OSHA Complaint on the basis that they were employees at Maid-Rite, and the filing of Plaintiffs' complaint with this Court on July 22. (*See, e.g.*, Dkt. No. 46 at 24 (making a standing argument based on Plaintiffs' allegedly "stale allegations").) It is disingenuous for Defendants to insist that Plaintiffs submit additional information to resolve a factual dispute and then object to the evidence Plaintiffs submit.

Finally, Defendants are not unfairly prejudiced by their inability to cross-

3

examine opposing witnesses. Defendants argue that they "had no occasion to raise their objections" to the declarants' testimony and the Court did not "have occasion to rule on whether to hear or limit [their] testimony." (Br. at 4.) Again, this argument blurs the Court's distinction between a hearing and a trial. Defendants have had the opportunity to identify alleged deficiencies of Plaintiffs' evidence, and the Court can weigh the evidence however it deems most appropriate. Moreover, as noted above, Defendants have not proffered any actual disagreement with the declarants. Formally striking Plaintiffs' evidence would be an unnecessary and inappropriate step where the Court made its expectations about evidence presented at the hearing clear.

### B. **Plaintiffs' Additional Declarations Provide Highly Pertinent Information.**

Striking the declarations would be especially unwarranted as they confirm the central allegations in this matter.

The worker declarations establish the continued imminent danger at the Plant. (*See* Dkt. Nos. 43-2, 43-3.) Notably, even though this case was filed over a month ago, none of the safety hazards the worker Plaintiffs identified in May have been resolved. (*See, e.g.*, Dkt. No. 43-2 at ¶ 13 ("As for the current conditions at Maid-Rite, they remain like what I described in my earlier declaration.").)

Further, the declarations reinforce the consequences of OSHA's arbitrary and capricious decision to provide advance notice of its on-site inspection, which

violated OSHA's own policies and predictably allowed Maid-Rite to influence OSHA's conclusions regarding conditions at the Plant. (*See, e.g.*, Dkt. No. 43-2 at ¶¶ 5 ("they told us to lower our plastic face shields"), 6-8 ("they slowed down the line speed" and "took workers off the line"); Dkt. No. 43-3 at ¶ 8 (explaining that before the inspector walked by he was instructed to "do everything right").) Plaintiffs' Complaint and prior declarations did not address OSHA's inspection because Plaintiffs were not aware that OSHA conducted an inspection. Plaintiffs were aware that some sort of on-site inspection had occurred, but, in part because they also knew that whoever had performed such an inspection had provided advance notice, Plaintiffs did not realize the inspector was from OSHA. (*See* Dkt. No. 43-2 at ¶ 9.)

Finally, Dr. Perry's declaration reiterates the importance of spreading workers along production lines—as already determined by OSHA and CDC—and provides context to understand why OSHA's guidance documents establish spacing workers along production lines is the most essential step to protect meat-processing workers. (*See, e.g.*, Dkt. No. 43-4 at ¶ 9 (explaining the "hierarchy of controls").) Dr. Perry does not suggest that she had visited the Plant. However, she is in a position, based on her background, to explain the importance of certain protections and explain the likely consequences of certain conditions at the Plant.

5

Plaintiffs believe this information will aid the Court's determinations in this matter and urge the Court to give the evidence whatever weight it deems appropriate. Plaintiffs remain willing and able to supplement their evidence if the Court finds it helpful or necessary.

Respectfully submitted this 26th day of August 2020.

s/ David H. Seligman

David H. Seligman, CO Bar No. 49394
Juno Turner, NY Bar No. 4491890
Brianne Power, CO Bar No. 53730
1410 High St., Suite 300
Denver, CO 80218
Telephone.: 720-239-2606
david@towardsjustice.org
juno@towardsjustice.org
brianne@towardsjustice.org
**TOWARDS JUSTICE**

David Muraskin, D.C. Bar No. 1012451
Karla Gilbride, D.C. Bar No. 1005586
**PUBLIC JUSTICE, P.C.**
1620 L Street NW, Suite 630
Washington, DC 20036
Telephone: (202) 797-8600
Fax: (202) 232-7203
kgilbride@publicjustice.net
dmuraskin@publicjustice.net

Adrienne H. Spiegel, CA Bar No. 330482
475 14th Street, Suite 610
Oakland, CA 94612
Telephone: (510) 622-8207
aspiegel@publicjustice.net

*Attorneys for Friends of Farmworkers, Inc.,*

6

*d/b/a Justice at Work*

**FRIENDS OF FARMWORKERS, INC., D/B/A JUSTICE AT WORK**
Lerae Kroon, PA Bar No. 325464
Nina Menniti, PA Bar No. 326828
Samuel Datlof, PA Bar No. 324716
990 Spring Garden St, Suite 300
Philadelphia, PA 19123
Telephone: (215) 733-0878
Fax: (215) 733-0878
lkroon@justiceatworklegalaid.org
nmenniti@justiceatworklegalaid.org
sdatlof@justiceatworklegalaid.org
*Attorneys for Jane Does I, II, and III*

**NICHOLS KASTER, PLLP**
Matthew H. Morgan, MN Bar No. 304657
Anna P. Prakash, MN Bar No. 0351362
4600 IDS Center
80 S. Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 256-3200
Fax: (612) 338-4878
morgan@nka.com
aprakash@nka.com

*Attorneys for Friends of Farmworkers, Inc., d/b/a Justice at Work*

## CERTIFICATE OF SERVICE

I hereby certify that I caused this brief to be filed be filed in ECF, which caused a copy to be served on counsel for all parties.

s/ David H. Seligman
David H. Seligman, CO Bar No. 49394

                                      1410 High St., Suite 300
                                      Denver, CO 80218
                                      Telephone: 720-239-2606
                                      david@towardsjustice.org
                                      juno@towardsjustice.org
                                      brianne@towardsjustice.org
                                      **TOWARDS JUSTICE**