UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
_____

| | | |
|---|---|---|
| JANE DOES I, II, III, et al., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:20-1260 |
| | ) | |
| EUGENE SCALIA, United States Secretary of Labor, et al., | ) | (JUDGE MANNION) |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

_____

## REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE

Plaintiffs provide two reasons in their Opposition (Doc. 48) (hereinafter "Pls.' Br.") why this Court should accept and consider untimely declarations: first, because they claim the information presented in the declarations is "highly pertinent," (Pls.' Br. 1), and second, because the July 31 evidentiary hearing was a "hearing" and not a "trial," during which the Court signaled that it was "not interested in hearing every piece of evidence possibly available." (Pls.' Br. 2). Neither of these excuses is a valid ground for denying Defendants their right to a fair proceeding.

First, if the information in the declarations is indeed "highly pertinent," as Plaintiffs claim (Pls.' Br. 4-5), then the prejudice to Defendants if the Court were to consider that information would be all the greater. It is the "highly pertinent"

evidence that matters when a trier of fact renders an adjudication, whether the proceeding is styled a hearing or a trial. It follows that cross-examination and other mechanisms to test the credibility and sufficiency of evidence are most important where "highly pertinent" evidence is concerned. The harmless error doctrine is premised on this understanding. *See generally GN Netcom, Inc. v. Plantronics, Inc.*, 930 F.3d 76 (3d Cir. 2019).

Plaintiffs also claim (Pls.' Br. 2) that Defendants understood at the hearing that there would be a later opportunity to submit evidence. Nothing in the transcript supports that claim. And while it is true that the Court did not expressly disallow post-hearing evidence (Pls.' Br. 1), the Court's silence on the matter cannot reasonably be construed as an invitation to do so, particularly in light of the procedural history as set forth in Defendants' Brief in Support of Motion to Strike (Doc. 45). In any event, there was certainly no express arrangement under which Plaintiffs would be permitted to submit fact and expert declarations after the evidentiary hearing, when the Court is not able to judge veracity and Defendants have no opportunity to object to any testimony or for cross-examination.[1] The issue

---

[1] For similar reasons, if the Court were to consider the anonymous declarations (it should not) they cannot be afforded much, if any, weight. *Cf. Rural Cmty. Workers All. v. Smithfield Foods, Inc.*, 2020 WL 2145350, at *4 (W.D. Mo. May 5, 2020) ("[B]ecause her identify is unknown, there is no way to determine, through the adversarial process or otherwise, whether Doe has some bias against Smithfield that could lead her to misrepresent or exaggerate conditions at the Plant. The Court notes

2

did not come up at the hearing, and Defendants would have strenuously objected to such an arrangement.

Nor can it be an excuse that Plaintiffs would have asked for special procedures for the anonymous Plaintiffs and fact witnesses to testify (Pls.' Br. 2), because they never called or attempted to call these persons as witnesses.  Defendants would not have objected to reasonable procedures to protect Maid-Rite employee's identities (although one of the anonymous declarants does not purport to be a current employee, *see* Docs. 37-2, 43-3).  But Defendants would have objected, as in their Motion to Strike, to any procedures that would have permitted Plaintiffs or other persons from serving as fact witnesses while being insulated from cross-examination.[2]  Indeed, Plaintiffs set forth no precedent allowing an anonymous party or fact witness to testify via written declaration without cross-examination.

---

that at least one of her statements—that Smithfield has increased the line speed at the Plant during the pandemic—is contradicted by other, more persuasive evidence.").

[2] Despite submitting their declarations, Plaintiffs do not appear willing to *ever* make Jane Doe II or the other anonymous declarant available for cross-examination. *Compare* Pls.' Br. at 2-3 (offering to make purported expert Dr. Perry available for "testimony and cross examination") *with* Pls.' Br. at 1 (offering to make all three declarants at issue available only "to provide testimony *for the Court*" (emphasis added)) *and* Pls.' Br. at 2 ("Plaintiffs are still willing to provide *the Court* an opportunity hear from the worker Plaintiffs or non-Plaintiffs declarants." (emphasis added)).

In making their argument against striking the declarations, Plaintiffs contend that Defendants' position "blurs the Court's distinction between a hearing and a trial" (Pls.' Br. 4). However, the Court had only conveyed, over Defendants' objection, that the Federal Rules of Evidence would not apply *to the hearing*, Tr. at 97-98, not to the disposition of this case. The Court did not announce that it would dispense with basic notions of fairness, or that Plaintiffs should feel free to submit evidence whenever and in whatever form they found convenient. In any event, Defendants are aware of no statute or common-law rule that permits a federal court to issue an extraordinary writ of mandamus without giving the federal official against whom the writ is sought a fair opportunity to respond to the evidence presented against him. And Plaintiffs set forth no authority for their theory that a Court resolving a petition for a writ of mandamus may consider any submission by a party "to the extent the Court deems it relevant," Pls.' Br. at 2, regardless of due process, the Federal Rules of Evidence, or the Federal Rules of Civil Procedure.[3]

---

[3] Defendants maintain that their pending Motion to Dismiss (Doc. 23), which asserts, *inter alia*, lack of subject-matter jurisdiction, should be resolved prior to proceeding to the merits of Plaintiffs' petition, that the merits arguments raised by Plaintiffs fall outside the scope of Section 13(d) review under any interpretation of that provision, and that if the merits of the petition as characterized by Plaintiffs are reached, doing so should be consistent with the Federal Rules of Civil Procedure and the Federal Rules of Evidence. However, given that the Court requested and received merits arguments and evidence at the hearing and that Plaintiffs' post-hearing brief seems to contemplate relief on the merits at this stage, Defendants herein preserve objections related to consideration of the declarations at issue in disposing of the case on the merits.

By way of comparison, for example, a motion for summary judgment must be supported by *admissible* evidence.  Fed. R. Civ. P. 56(c).

As for Plaintiffs' claim that the Court was "not interested in hearing every piece of evidence possibly available" at the hearing, Plaintiffs had no right to indulge that presumption.  "A litigant is never justified in assuming that the court has made up its mind until the court expresses itself to that effect[.]" *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 897 (1990).  This Court stated in its July 23, 2020 order (Doc. 6) (emphasis added):  "The parties *should be prepared to present evidence* on whether the Secretary of Labor acted arbitrarily and capriciously in failing to seek an injunction or temporary restraining order[.]"  It is not the proper role of a court "to be advising" counsel on legal strategy and whether counsel should "call their expert to the stand," Pls.'Br. 2, and therefore Plaintiffs' interpretation of the Court's statements here is unreasonable.  If Plaintiffs wanted to introduce testimony from an expert or from other witnesses, they should have done so when they had the opportunity to request to do so at the hearing.  If the Court denied their request, they could have raised and preserved an objection.  Instead, at no time during the hearing did the Court deny either party the opportunity to present evidence. Plaintiffs'

assumption that the Court would have denied their efforts to adduce additional testimony is unjustified. *See Lujan*, 497 U.S. at 897.[4]

Plaintiffs protest (Pls.' Br. 3) that Defendants insisted that Plaintiffs provide evidence of their standing. Defendants have moved to dismiss Plaintiffs' Complaint, including on the grounds that they failed to meet their pleading burden as to standing. This facial pleading deficiency cannot be cured by allegations not included in or attached to the Complaint. And, where standing is still contested at a stage of proceeding subsequent to the motion to dismiss (i.e. the merits stage), such as summary judgment, standing must be supported at minimum by affidavits or declarations signed under penalty of perjury. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The declaration submitted by Jane Doe II is neither. Thus, the post-hearing declarations are not relevant to Plaintiffs' failure to allege or demonstrate standing.

Plaintiffs next maintain (Pls.' Br. 4) that Defendants have not disputed any of the facts in the declarations. As an initial matter, any rudimentary comparison of Defendants' witnesses' testimony regarding the conditions at the Maid-Rite facility with the anonymous declaration demonstrates disparities. And, regardless, the entire

---

[4] Even if Plaintiffs were correct in their assumption that the Court did not want to hear all relevant testimony at the hearing, the Court certainly did not convey the impression that it was open to receiving declarations *after* the hearing, attached to post-hearing briefs and submitted without leave of court.

point of Defendants' Motion to Strike is that they were deprived the opportunity to test the three declarants' testimony through cross-examination and, if necessary, the introduction of counter evidence. Further, Plaintiffs conflate the burden – they are seeking relief on the merits and they therefore must demonstrate there *are not* disputed facts that would preclude disposition without a trial. *Cf.* Fed. R. Civ. P. 56(c); Local Rule 56.1. At any rate, consideration of whether there are factual disputes and, if so, whether those factual disputes are material is premature and unnecessary given Defendants' pending Motion to Dismiss.

Finally, Plaintiffs' statements as to the purported pertinence of the declarations are unavailing. Anonymous declarations that have not been subjected to either cross examination – as to the facts alleged or as to any potential witness bias – or counter evidence do not and cannot "establish" anything. Pls.' Br. 4. Instead, such untested statements may only be properly characterized as *allegations*. And because these allegations were not offered in or with the Complaint –and indeed contradict the Complaint – they are not presumed to be true on resolution of the Motion to Dismiss. Even worse, one of the declarations was not signed under penalty of perjury.

Plaintiffs' contention (Pls.' Br. 4-5) that the declarations are relevant to OSHA's discretionary determination to notify Maid-Rite of the inspection, *see* 29 C.F.R. § 1903.6(a)(2), (4), is likewise a non-starter. That determination, made under

Section 8 of the Occupational Safety and Health Act, 29 U.S.C. § 657, is decidedly not the subject of judicial review under any interpretation of Section 13(d), and therefore of no relevance here.

Last, Plaintiffs appear to argue (Pls.' Br. 5) that Dr. Perry is offering legal opinions, including explaining the operation and meaning of Defendants' own guidance documents. *See, e.g.*, Doc. 43-4 ¶¶ 9, 13, 1-20. Of course, legal opinions are not the proper subject of expert testimony. And, as Plaintiffs concede, Dr. Perry does not have knowledge specific to the Maid-Rite facility at issue, depriving her testimony of relevance. She cannot testify as to the feasibility of any social distancing methods in this particular facility, nor could she testify about the impact of other safety precautions taken at the facility on the need for social distancing.

For the foregoing reasons, and for the reasons set forth in Defendants' Brief in Support of Motion to Strike, the declarations attached to Plaintiffs' post-hearing brief should be stricken and should not be considered in this proceeding.

Respectfully submitted.

Date: September 1, 2020

KATE S. O'SCANNLAIN
SOLICITOR OF LABOR

/s/ Oscar L. Hampton III
OSCAR L. HAMPTON III
Regional Solicitor
Atty. I.D. #MO 36778
170 S. Independence Mall West
Suite 630 East
Philadelphia, PA 19106
(215) 861-5120
hampton.oscar@dol.gov

DAVID J. FREED
UNITED STATES ATTORNEY

/s/ G. Michael Thiel
G. MICHAEL THIEL
Assistant U.S. Attorney
Atty. I.D. #PA 72926
235 N. Washington Ave., Ste.311
Scranton, PA 18503
Phone: (570) 348-2800
mike.thiel@usdoj.gov

EDMUND C. BAIRD
Associate Solicitor for
Occupational Safety and Health

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| JANE DOES I, II, III, et al., ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 3:20-1260 |
| ) | |
| EUGENE SCALIA, United States ) | (JUDGE MANNION) |
| Secretary of Labor, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

_____

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania, and is a person of such age and discretion as to be competent to serve papers.

That on September 1, 2020, she served copies of the attached:

### REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE EXHIBITS TO PLAINTIFFS' POST-HEARING BRIEF

by ECF Filing upon:

David H. Seligman, Esquire
Lerae Kroon, Esquire

                                             /s/ Christina M. Nihen
                                             CHRISTINA M. NIHEN
                                             Legal Assistant