UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| JANE DOES I, II, III, et al., ) <br> ) <br> ) <br>      Plaintiffs, ) <br> ) <br>   v. ) <br> ) <br> EUGENE SCALIA, United States ) <br> Secretary of Labor, et al., ) <br> ) <br> ) <br>      Defendants. ) | Civil Action No. 3:20-1260 <br><br> (JUDGE MANNION) |

---

**SUGGESTION OF MOOTNESS**

Defendants submit this suggestion of mootness based upon the Occupational Safety and Health Administration's (OSHA's) final determination that no citation will issue against the Jane Doe Plaintiffs' employer, Maid-Rite Specialty Foods, LLC ("Maid-Rite"), as a result of the investigation that OSHA opened in early June 2020. For the reasons set forth below, that development moots Plaintiffs' attempted action under Section 13(d) of the Occupational Safety and Health Act (the OSH Act), 29 U.S.C. § 662(d). *See Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n.23 (1997) ("It is the duty of

counsel to bring to the federal tribunal's attention, without delay, facts that may raise a question of mootness." (internal quotation marks, emphasis, and citation omitted)).

### A. Facts

By letter dated December 2, 2020, Defendants informed this Court that OSHA had concluded its investigation of Maid-Rite and that it would not be issuing a citation to the company. Doc. 51. OSHA also notified the complainants, who requested the investigation, of OSHA's decision by letter dated December 2, 2020. Doc. 51-1.

OSHA's regulations permit a complaining party to request a review of an area office's decision that a citation is not warranted. The review is conducted by OSHA's regional administrator. 29 C.F.R. §§ 1903.12(a), 1903.14(d). On December 7, 2020, Plaintiffs' attorneys asked Regional Administrator Michael Rivera to review OSHA's decision to not issue a citation to Maid-Rite. Doc. 52-1. Mr. Rivera conducted that review and determined that OSHA's decision was appropriate and will not be overturned. His decision is set forth in a letter dated January 12, 2021. A copy of that letter is attached hereto as Exhibit 1. Under OSHA's regulations, Mr. Rivera's decision is "final

and not subject to further review." 29 C.F.R. § 1903.12(a). Therefore, complainants have no avenue for further administrative review: Maid-Rite will not be subject to an enforcement proceeding or be issued any citation as a result of OSHA's investigation.

    B.    *This proceeding is moot.*

        *i.*    *Legal standard.*

"The existence of a case and controversy is a prerequisite to all federal actions." *Phila. Fed'n of Teachers v. Ridge*, 150 F.3d 319, 322 (3d Cir.1998) (citation omitted). A live controversy is "a real and substantial controversy admitting of specific relief through a decree of conclusive character." *Int'l Bhd. of Boilermakers v. Kelly*, 815 F.2d 912, 915 (3d Cir.1987) (citation omitted). "The central question in the mootness analysis is whether meaningful or effective relief remains available." *Hong Fang v. Attorney Gen. of U.S.*, 396 F. App'x 862, 863 (3d Cir. 2010); *see also Chafin v. Chafin,* 568 U.S. 165, 172,(2013) ("[A] case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" (quoting *Knox v. Serv. Employees*, 567 U.S. 298, 307 (2012)).

>   ii.   *OSHA's determination that no enforcement proceeding shall be initiated against Maid-Rite is not subject to judicial review.*

As an initial matter, OSHA's determination whether a citation will issue, and thereby an enforcement proceeding be initiated, is not (and cannot be) at issue here.  As the Third Circuit has explained, OSHA's charging decision is a "classic example of the prosecutorial discretion committed to the Secretary" and is "unreviewable" by courts. *Reich v. OSHRC,* 998 F.2d 134, 141 (3d Cir. 1993) (discussing *Cuyahoga Valley Ry. Co. v. United Transp. Union*, 474 U.S. 3, 6 (1985)); *see also Heckler v. Chaney*, 470 U.S. 821, 830 (1985) ("[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."). Courts have repeatedly made clear that OSHA's prosecutorial decisions "belong[ ] to the Secretary, not to [a] court."  *Nat'l Roofing Contractors Ass'n v. U.S. Dep't of Labor*, 639 F.3d 339, 344 (7th Cir. 2011); *see also Oil, Chemical & Atomic Workers Int'l Union v. OSHRC*, 671 F.2d 643, 649 (D.C. Cir. 1982) (*per curiam*) ("[E]nforcement of the [OSH] Act is the sole responsibility of the Secretary.  He is the exclusive prosecutor

4

of OSHA violations.").[1]  Because this Court has no jurisdiction to hear them, any objections by Plaintiffs to OSHA's determination not to issue a citation—including those launched in Plaintiffs' December 8, 2020 letter to the Court, Doc 52—are entirely misplaced and irrelevant.[2] And that Plaintiffs may continue to disagree with OSHA's determination does not constitute a live controversy precluding mootness; there is no relief the Court could provide in response to

---

[1] The Secretary has delegated responsibilities under the OSH Act to the head of OSHA, *see Pub. Citizen Health Research Grp. v. U.S. Dep't of Labor,* 557 F.3d 165, 175 (3d Cir. 2009); Secretary of Labor's Order 1-2012 (Jan. 18, 2012), 77 Fed. Reg. 3912 (Jan. 25, 2012), and therefore in the context of the determination whether to issue a citation, this brief refers to the Secretary and OSHA interchangeably

[2]  The problems with Plaintiffs' December 8, 2020 letter do not end with the misplaced and irrelevant nature of their arguments.  The letter and accompanying exhibits repeat the same defects as their August 14, 2020 filing, which is subject to Defendants' pending Motion to Strike (Docs. 44 & 45):  (1) in Documents 51-2 and 51-3, Plaintiffs impermissibly set forth testimony from anonymous witnesses that they did not call at the July 31, 2020 evidentiary hearing, were not subject to cross examination, and which, if considered would unfairly prejudice Defendants; and (2) the declarant in Document 52-2 did not sign his or her statement under penalty of perjury, meaning it is not evidence and cannot support a request for relief on the merits.  Aside from their effectiveness in conveying to the Court the then-status of the administrative process, Plaintiffs' letter and the accompanying should be entirely disregarded.

Plaintiffs' objections, as it lacks jurisdiction to second guess or override OSHA's decision not to issue a citation.

> iii. *There is no meaningful or effective relief the Court could now provide to Plaintiffs.*

What *is* at issue in this case is whether this Court has jurisdiction—and whether Plaintiffs have stated a claim—to compel the Secretary to seek an imminent danger injunction under Section 13(d) of the OSH Act, 29 U.S.C. § 662(d).³ As set forth in Defendants' Motion to Dismiss (Docs. 23 & 24) and Post-Hearing Brief (Doc. 46), this Court lacks jurisdiction under Section 13(d) and, in the alternative, Plaintiffs fail to state a Section 13(d) claim. But even assuming only *arguendo* that this matter was justiciable here and that the Court was inclined to rule for Plaintiffs, OSHA's determination not to issue a citation means there is

---

³ Section 13(a)-(b) provides for the issuance of either "injunctive relief" or a "temporary restraining order" to "restrain conditions or practices in any place of employment which are such that a danger exists which could reasonably be expected to cause death or serious physical harm immediately or before the imminence of such danger can be eliminated through the enforcement procedures otherwise provided by" the OSH Act.  29 U.S.C. § 662(a)-(b).  For ease of reference, this Suggestion of Mootness refers to any order issued pursuant to Section 13(a)-(b) as an "injunction" or an "imminent danger injunction."

6

no meaningful or effective relief the Court could provide. The case is now moot.

Section 13(d) sets forth a narrow cause of action with carefully cabined relief. First and primarily, a successful Section 13(d) petitioner may obtain a writ of mandamus requiring the Secretary to go to federal court and seek, under Section 13(a)-(b), an imminent danger injunction. 29 U.S.C. § 662. Importantly, a federal court may only issue a Section 13(a)-(b) imminent danger injunction "pending the outcome of an enforcement proceeding pursuant to" the OSH Act. 29 U.S.C. § 662(b). The requirement that a Section 13(a)-(b) injunction be temporally tethered to an OSHA enforcement proceeding is jurisdictional. *See Marshall v. Gibson's Prod., Inc. of Plano*, 584 F.2d 668, 674 (5th Cir. 1978) (explaining that Section 13(b) "carefully defines the nature and extent of the jurisdiction in suits brought by the Secretary under" Section 13(a)); *Whirlpool Corp. v. Marshall*, 445 U.S. 1, 9 & n.12 (explaining that a Section 13(a)-(b) "order may continue pending the consummation of the Act's normal enforcement proceedings.").

Where, as here, upon exercise of its non-reviewable prosecutorial discretion, OSHA decides that no citation is warranted, there is no

occasion for an OSHA enforcement proceeding. And if, as here, there will be no enforcement proceeding to which an imminent danger injunction could be attached, a Section 13(d) court cannot issue the writ of mandamus. If the court were to issue the writ of mandamus and compel the Secretary to file a petition under Section 13(d), the Section 13(a)-(b) court would immediately dismiss the petition for lack of jurisdiction. The Section 13(d) court therefore cannot, as a matter of law, compel the Secretary, through a writ of mandamus, to seek a Section 13(a)-(b) injunction from a federal court that has no jurisdiction under Section 13(b) to issue such an injunction. Mandamus may "issue only to compel the performance of a 'clear and nondiscretionary duty.'" *Pittston Coal Grp. v. Sebben*, 488 U.S. 105, 121, 408 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). The Secretary is under no duty, much less a clear one, to seek an injunction from a court that cannot issue it.

*Sears, Roebuck & Co. v. Carpet, Linoleum, Soft Tile & Resilient Floor Covering Layers, Local No. 419*, 397 U.S. 655 (1970) (*per curiam*), is instructive. Where National Labor Relations Board proceedings are pending with regard to certain types of unfair labor practices, Section

10(*l*) of the National Labor Relations Act authorizes a district court to issue "appropriate injunctive relief pending the final adjudication of the Board with respect to such matter." 29 U.S.C. § 160(*l*). In *Sears*, the Board sought an injunction under Section 10(*l*), but the district court denied the request. Sears, which would have benefitted from the injunction, sought review of the district court's denial. The appellate court dismissed the appeal on the ground that only the Board could challenge a district court's denial of a Section 10(*l*) injunction. Thereafter, the Board rendered a final adjudication on the underlying matter. On *certiorari*, the Supreme Court held that the Board's adjudication mooted Sears's appeal, because an injunction under Section 10(*l*) can remain in effect only "pending the final adjudication of the Board with respect to (the) matter." 397 U.S. at 658-59 (quoting 29 U.S.C. § 160(*l*) (alteration in original)). Because the Board had already rendered a final adjudication, Sears could not obtain a Section 10(*l*) injunction even if it were to win on appeal.

Similarly here, Section 13(b) limits the duration of an imminent danger injunction to the period "pending the outcome of an enforcement proceeding." 29 U.S.C. § 662(b). Since OSHA's decision to close an

9

investigation without issuing a citation forecloses the possibility of an enforcement proceeding, an imminent danger order under Section 13(a)-(b) cannot issue. And, where, as here, OSHA has declined to seek a Section 13(a)-(b) injunction, an action under Section 13(d) is rendered moot if OSHA decides in its sound discretion, during that action's pendency, that no citation will issue.

Second, Section 13(d) contemplates that petitioners may seek—and the Section 13(d) court may grant—"such further relief as may be appropriate." 29 U.S.C. § 662(d). Pursuant to Plaintiffs' Post-Hearing Brief, it appears the only additional relief Plaintiffs now seek is an order requiring OSHA to perform another onsite inspection of Maid-Rite's Dunmore facility. Doc. 43 at 25 (acknowledging that OSHA had already performed an onsite inspection). As Defendants have explained, *see* Doc. 46 at 12, compelling an inspection is outside the scope of Section 13(d) relief, which is cabined by the introductory phrase of "[i]f the Secretary arbitrarily or capriciously fails to seek relief *under this section*," *i.e.* Section 13. 29 U.S.C. § 662(d) (emphasis added). OSHA's inspections are initiated and conducted pursuant to Section 8 of the OSH Act, not Section 13, and beyond Section 13(d)'s reach. But

10

even if such relief were available, it would be entirely meaningless and ineffective. OSHA has closed its investigation and made the final and unreviewable determination that no citation will issue. Compelling another inspection at this juncture would be futile and do nothing to change this determination. Therefore any potential for the Court to do so cannot render this a live controversy.[4]

---

[4] Plaintiffs' Complaint had further requested all of OSHA's communications "to and from Maid-Rite regarding this matter" and that the Court order OSHA to compel actions from Maid-Rite, despite the facts that Maid Rite is not a party here. Doc. 1 ¶¶ 154(a), (c); *see also* Doc. 46 at 12 n.7 (Defendants' discussion of the impropriety of these requests). Such relief is not now and never has been legally available, and therefore Plaintiffs' (apparently abandoned) request for it does not affect the mootness analysis. Provision of such communications would violate the privacy rights of both Maid-Rite and its employees, along with OSHA's investigatory privilege. And whatever is meant by "further relief as may be appropriate," it cannot include any order directly or indirectly requiring *the employer*, who is not a party in a putative 13(d) case, to take action regarding the alleged imminent danger. Otherwise, the employer's rights would be entirely sidestepped with the need for OSHA to cite and prove a violation totally obviated. OSHA may only compel the employer to counteract a danger by (1) prevailing in the normal enforcement process, 29 U.S.C. § 659, or (2) obtaining a 13(a)-(b) injunction for the pendency of such enforcement process through a 13(a) proceeding in which the Secretary bears a high burden, the employer is a party, and the employer is afforded the "full complement of due process protections." *Usery v. Whirlpool Corp.*, 416 F. Supp. 30, 34 (N.D. Ohio 1976).

>                    iv.     *The capable of repetition, yet evading review exception*
>                            *to the mootness doctrine is inapplicable.*

Finally, this matter does not fall within the narrow "capable of repetition, yet evading review" exception to the mootness doctrine. *See Rendell v. Rumsfeld*, 484 F.3d 236, 241 (3d Cir. 2007) ("The exception from the mootness doctrine for cases that are technically moot but 'capable of repetition, yet evading review' is narrow and available 'only in exceptional situations.'" (citation omitted)). That exception rarely applies to fact-bound controversies such as the one presented in this case, because such controversies are rarely capable of repetition. *See J.T. v. District of Columbia*, ___ F.3d ___, 2020 WL 7702702, at *6 (D.C. Cir. Dec. 29, 2020); *New Jersey Turnpike Auth. v. Jersey Central Power & Light*, 772 F.2d 25, 33 (3d Cir. 1985). The present dispute is highly-fact specific, as it concerns conditions at the Maid-Rite facility that existed during the early stages of a global pandemic. If OSHA is called upon in the future to assess whether conditions at the Maid-Rite facility present imminent danger hazards, that assessment will be based upon an array of conditions as they exist at that time, including the policies and practices at the facility, current requirements and guidance from OSHA and others, including the Centers for Disease Control and

Prevention, the level of community spread of COVID-19, and availability and distribution rate of the COVID-19 vaccine. It is purely speculative that the parties will be embroiled in the same controversy in the future. And "capable of repetition" is "not a synonym for 'pure speculation.'" *Jersey Central Power*, 772 F.2d at 33.

Further, it is speculation squared that OSHA would again conclude its investigation—which is this instance took the full six months allotted by statute, 29 U.S.C. § 658(c)—while Plaintiffs' Section 13(d) imminent danger petition remained pending. For the mootness exception to apply, Plaintiffs would have to demonstrate that OSHA's inspection time—here six months—is "'almost certain[ly]' inadequate time for a case of this type to receive plenary review by the federal courts." *Hamamoto v. Ige*, 881 F.3d 719, 723 (9th Cir. 2018) (citation omitted and alteration in original). That Plaintiffs cannot do, because they cannot demonstrate that expedited review and disposition would not be afforded to any future Section 13(d) suits despite their highly time-sensitive nature. *Id.*

## C. Conclusion

For the foregoing reasons, this action should be dismissed as moot.

Respectfully submitted.

|  |  |
|---|---|
|  | BRUCE D. BRANDLER<br>ACTING UNITED STATES ATTORNEY |
| Date: January 12, 2021 | /s/ G. Michael Thiel<br>G. MICHAEL THIEL<br>Assistant U.S. Attorney |
| KATE S. O'SCANNLAIN<br>SOLICITOR OF LABOR | Atty. I.D. #PA 72926<br>235 N. Washington Ave., Ste.311<br>Scranton, PA 18503 |
| /s/ Oscar L. Hampton III<br>OSCAR L. HAMPTON III<br>Regional Solicitor<br>Atty. I.D. #MO 36778<br>170 S. Independence Mall West<br>Suite 630 East<br>Philadelphia, PA 19106<br>(215) 861-5120<br>hampton.oscar@dol.gov | Phone: (570) 348-2800<br>mike.thiel@usdoj.gov |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| JANE DOES I, II, III, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 3:20-1260 |
| | ) |
| EUGENE SCALIA, United States Secretary of Labor, et al., | ) (JUDGE MANNION) |
| | ) |
| Defendants. | ) |

_____

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania, and is a person of such age and discretion as to be competent to serve papers.

That on January 12, 2021, she served copies of the attached:

**Suggestion of Mootness**

by ECF Filing upon:

David H. Seligman, Esquire
Lerae Kroon, Esquire

/s/ Sarah M. Duffy
SARAH M. DUFFY
Legal Assistant