396 Fed.Appx. 862
This case was not selected for
publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1 generally
governing citation of judicial decisions issued
on or after Jan. 1, 2007. See also U.S.Ct. of
Appeals 3rd Cir. App. I, IOP 5.1, 5.3, and 5.7.
United States Court of Appeals,
Third Circuit.

HONG FANG, Petitioner
v.
ATTORNEY GENERAL
OF the UNITED STATES.

No. 08–3729.
|
Submitted Pursuant to Third Circuit
LAR 34.1(a) Sept. 16, 2010.
|
Opinion filed Oct. 7, 2010.

**Synopsis**
**Background:** Alien petitioned for review of an order of the Board of Immigration Appeals (BIA) denying her second motion to reopen removal proceedings.

**Holdings:** The Court of Appeals held that:

[1] it lacked jurisdiction to review BIA's discretionary decision to decline to reopen the proceedings sua sponte, and

[2] petition was rendered moot by denial of alien's adjustment of status application.

Petition denied.

See also, 241 Fed.Appx. 903.

West Headnotes (2)

[1]  **Aliens, Immigration, and Citizenship** — Jurisdiction and venue

Federal appellate court lacked jurisdiction to review discretionary decision of Board of Immigration Appeals (BIA) declining to reopen alien's removal proceedings sua sponte.

[2]  **Aliens, Immigration, and Citizenship** — Decisions reviewable

Alien's petition for review of an order of the Board of Immigration Appeals (BIA) denying her second motion to reopen removal proceedings was rendered moot by the denial of her application for adjustment of status based on her marriage to a United States citizen, which was the basis for the motion to reopen.

**\*862** On Petition for Review of an Order of the Board of Immigration Appeals (Agency No. XXX–XX6–348), Immigration Judge: Honorable Craig De Bernardis.

**Attorneys and Law Firms**

Thomas V. Massucci, Esq., New York, NY, for Petitioner.

Edward J. Duffy, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Attorney General of the United States.

Before: RENDELL, HARDIMAN and ALDISERT, Circuit Judges.

OPINION

PER CURIAM.

**\*\*1** In October 2002, the Board of Immigration Appeals ("BIA") affirmed the decision of an Immigration Judge ("IJ") to deny Hong Fang's application for asylum, withholding of removal, and relief under the Convention Against Torture. In February 2006, Fang submitted a motion to the BIA to reopen the removal proceedings, which the BIA denied as untimely. We denied Fang's subsequent petition for review. *See Fang v. Attorney Gen. of the United States,* 241 Fed.Appx. 903 (3d Cir.2007).

In January 2008, Fang returned to the BIA with another motion to reopen. She asked that removal proceedings be terminated, closed, or continued so that United States Citizenship and Immigration Services ***863** could adjudicate her application to adjust her status to a lawful permanent resident based on her marriage to a United States citizen. The BIA denied Fang's motion. The BIA concluded that Fang's motion was time– and number-barred and also declined to reopen the matter *sua sponte,* holding that Fang had not shown an exceptional situation to merit reopening as a matter of discretion.

Fang presents a petition for review.[1] In her short *pro se* brief, she argues generally that the BIA abused its discretion in denying her motion to reopen. She explains that the BIA cited the number and time limitations and states that the BIA erroneously concluded that she failed to demonstrate an exceptional situation that would warrant *sua sponte* reopening. Fang argues that she has shown that her situation is exceptional and warrants *sua sponte* reopening. The Government responds that we lack jurisdiction to review the BIA's decision to decline to exercise its *sua sponte* authority to reopen. In the alternative, the Government asks us to dismiss as moot Fang's claim that the BIA abused its discretion in denying Fang's second motion to reopen.

 **[1]**  We agree with the Government that the BIA's decision to decline to reopen Fang's proceedings *sua sponte* is a discretionary decision beyond our jurisdiction. *See Calle–Vujiles v. Ashcroft,* 320 F.3d 472, 475 (3d Cir.2003) ("Because the BIA retains unfettered discretion to decline to sua sponte reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider the case.")

 **[2]**  To the extent that Fang presents an issue beyond a claim relating to the BIA's discretionary decision, we also must dismiss the petition as moot because there is no longer a live controversy. "The existence of a case and controversy is a prerequisite to all federal actions." *Phila. Fed'n of Teachers v. Ridge,* 150 F.3d 319, 322 (3d Cir.1998) (citation omitted). A live controversy is "a real and substantial controversy admitting of specific relief through a decree of conclusive character." *Int'l Bhd. of Boilermakers v. Kelly,* 815 F.2d 912, 915 (3d Cir.1987). The central question in the mootness analysis is whether meaningful or effective relief remains available. *See id.* at 916. In this case, we cannot say that it does. Fang sought reopening to terminate, close, or continue the removal proceedings pending the adjudication of her application to adjust her status. As Fang previously notified us, her adjustment application was denied in October 2009. Even if we were to remand this matter to the BIA, the remand would give her no relief because her reason for reopening, namely for "termination, administrative closure or simply a continuance, for a period of time long enough for the USCIS to adjudicate the adjustment application" R. 15–16, no longer exists.

 ****2**  For these reasons, we will dismiss Fang's petition for review.

**All Citations**

396 Fed.Appx. 862, 2010 WL 3920523

Footnotes

1   On Fang's motion, we held her case in abeyance pending a decision on her application for adjustment of status. The parties briefed the case after Fang notified us that her application had been denied.

**End of Document**                                                        © 2021 Thomson Reuters. No claim to original U.S. Government Works.