# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOES I, II, III, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:20-1260 |
| | ) | |
| MILTON AL STEWART, | ) | |
| ACTING SECRETARY OF LABOR, | ) | (JUDGE MANNION) |
| et al.,[1] | ) | |
| | ) | |
| Defendants. | ) | |

## REPLY TO PLAINTIFFS' RESPONSE TO SUGGESTION OF MOOTNESS

The Defendants submit the following reply to the Plaintiffs' Response (Doc. 56) to Defendants' Suggestion of Mootness (Doc. 53).

Plaintiffs first contend (Response 1-3) that OSHA's updated guidance to employers on COVID-19, issued in January 2021, somehow revives this moot controversy.[2]  That is not the case.

---

[1] Acting Secretary of Labor Milton Al Stewart is substituted for former Secretary of Labor Eugene Scalia pursuant to Federal Rule of Civil Procedure 25(d).

[2] The guidance document Plaintiffs rely on, entitled *Protecting Workers: Guidance on Mitigating and Preventing the Spread of COVID-19 in the Workplace*, was posted on OSHA's website on January 29, 2021.  *See*

1

Plaintiffs brought this action in July 2020, alleging that conditions at the Maid-Rite facility presented imminent danger conditions related to COVID-19 exposure.  They sought a writ of *mandamus* to compel OSHA to seek an injunction against Maid-Rite, pursuant to Section 13(d) of the OSH Act, 29 U.S.C. § 662(d).  Area office officials, however, persuasively testified at the July 31, 2020 hearing that they inspected the Maid-Rite facility and concluded that imminent danger conditions were not present.  Upon concluding its six-month investigation in December 2020, OSHA determined that it would not cite Maid-Rite for violating the OSH Act or any OSHA standards.  That determination was based upon a careful review of the evidence gathered during the inspection.  OSHA has cited other employers for COVID-related

---

https://www.osha.gov/coronavirus/safework.  The guidance applies to most employers outside the healthcare setting, not just meatpacking employers.  The first paragraph of the document states in part:  "This guidance contains recommendations as well as descriptions of **mandatory safety and health standards**. The recommendations are advisory in nature, informational in content, and are intended to assist employers in providing a safe and healthful workplace."

violations,[3] but in this instance found insufficient evidence to support a violation.

Section 13 of the OSH Act is designed to protect workers from imminent dangers during the period it takes for an enforcement proceeding to run its course.  *See* 29 U.S.C. § 662.  In this case, the enforcement proceeding concluded in December 2020, with OSHA's determination that no citation would issue.  Therefore, the present controversy is now moot.  Guidance issued by OSHA in January 2021, moreover, has no bearing on whether imminent danger conditions existed at the Maid-Rite facility in mid-2020, which is the relevant time period for purposes of this action.  That much is clear from Section 13(d), which authorizes *mandamus* relief only if the Secretary of Labor "arbitrarily and capriciously fails to seek relief under this section[.]"  29

---

[3] In September 2020, for example, OSHA cited JBS Foods, Inc. (Inspection 1475131) and Smithfield Packaged Meats Corporation (Inspection 1472736) for violating the OSH Act's General Duty Clause, 29 U.S.C. § 654(a)(1), by exposing their meatpacking employees to hazards related to COVID exposure.  *See* https://www.osha.gov/pls/imis/establishment.violation_detail?id=1475131.015&citation_id=01001; https://www.osha.gov/pls/imis/establishment.violation_detail?id=1472736.015&citation_id=01001.  *See also Vanderklok v. United States*, 868 F.3d 189, 205 n.16 (3d Cir. 2017) (courts may take judicial notice of information on government websites).

U.S.C. § 662(d). The Secretary cannot have acted arbitrarily in 2020 by failing to consider guidance that was issued in January 2021.

Plaintiffs nonetheless contend (Response 5-6) that this case is not moot because Section 13(d) does not expressly tie *mandamus* relief to the pendency of an enforcement proceeding. That is a misreading of the statute. Section 13(d) authorizes the court to issue a "writ of mandamus to compel the Secretary to seek such an order," 29 U.S.C. § 662(d), meaning the injunction order authorized under Section 13(b). Section 13(b), in turn, limits the duration of an injunction to the period "pending the outcome of an enforcement proceeding pursuant to this chapter." 29 U.S.C. § 622(b). Under this framework, once the possibility of an enforcement proceeding is foreclosed, no imminent danger injunction may issue. *See Sears, Roebuck & Co. v. Carpet, Linoleum, Soft Tile & Resilient Floor Covering Layers, Local No. 419*, 397 U.S. 655 (1970) (*per curiam*). Thus, a writ of *mandamus* would serve no purpose. *See United States ex rel. Sierra Land & Water Co. v. Ickes*, 84 F.2d 228, 232 (D.C. Cir. 1936)(*mandamus* will not lie to compel a useless act).

Finally, Plaintiffs argue (Response 13) that the court may order OSHA to re-inspect Maid-Rite's facility, because Section 13(d) also

allows the court to grant "such further relief as may be appropriate." 29 U.S.C. § 622(d).  Here again, Plaintiffs misread the statute.  What "appropriate" relief entails is "inherently context dependent," *Tanzin v. Tanvir*, 141 S.Ct. 486, 491 (2020) (internal quotation marks and citation omitted), and in this context such relief does not include a re-inspection of Maid-Rite's facility.

Section 13 has a limited purpose:  to protect workers from imminent danger conditions during the pendency of OSHA enforcement proceedings.  Nothing in that provision suggests that Congress conferred broad authority on district courts to second-guess OSHA's enforcement decisions, such as whether to inspect and whether to issue a citation.  Indeed, the caselaw is clear that such decisions fall within the agency's prosecutorial discretion and are not subject to judicial control.  *See Cuyahoga Valley Rwy. Co. v. United Trans. Union*, 474 U.S. 3, 7 (1985) (*per curiam*); *Irving v. United States*, 162 F.3d 154, 162-63 (1st Cir. 1998); *Oil, Chemical & Atomic Workers Int'l Union v. OSHRC*, 671 F.2d 643, 650 (D.C. Cir. 1982) (*per curiam*); *cf. Heckler v. Chaney*, 470 U.S. 821 (1985) (agency's discretionary decision to forego enforcement proceeding was not subject to judicial review under

5

Administrative Procedures Act).  Had Congress intended to authorize
such a surprising departure from longstanding norms, it would have
done so expressly, not through a broad reference to "appropriate" relief.

Plaintiffs, moreover, admit (Response 13) that conditions at the
Maid-Rite facility "have not changed."  Having investigated those
specific conditions for six months and concluded that no violations
related to COVID are present, OSHA may not return to the facility at
this point and cite Maid-Rite for conditions that existed during the
initial inspection.  The OSH Act provides that "[n]o citation may be
issued under this section after the expiration of six months following
the occurrence of any violation."  29 U.S.C. § 658(c).  Where OSHA is
aware of workplace conditions and does not issue a citation within six
months, the statute of limitations protects employers from later
citations.  *See Austin Indus. Specialty Servs. v. OSHRC*, 765 F.3d 434,
442 (5th Cir. 2014); *see also Todds Shipyard Corp. v. Secretary of Labor*,
566 F.2d 1327, 1330 (9th Cir. 1977) ("the six month statute of
limitations found in section 658(c) protects the employer[]").  Absent
evidence of meaningfully changed conditions, OSHA cannot issue a

citation based on a re-inspection of Maid-Rite's facility. Therefore, a re-inspection would be futile.[4]

For the foregoing reasons, and for the reasons set forth in Defendants' Suggestion of Mootness, this matter should be dismissed as moot.

Respectfully submitted.

BRUCE D. BRANDLER
ACTING UNITED STATES ATTORNEY

Date: February 11, 2021

/s/ G. Michael Thiel
G. MICHAEL THIEL
Assistant U.S. Attorney

ELENA GOLDSTEIN
DEPUTY SOLICITOR OF LABOR

Atty. I.D. #PA 72926
235 N. Washington Ave., Ste.311
Scranton, PA 18503
Phone: (570) 348-2800
mike.thiel@usdoj.gov

/s/ Oscar L. Hampton III
OSCAR L. HAMPTON III
Regional Solicitor
Atty. I.D. #MO 36778
170 S. Independence Mall West
Suite 630 East
Philadelphia, PA 19106
(215) 861-5120
hampton.oscar@dol.gov

---

[4] OSHA has statutory discretion to open a new inspection where new evidence regarding current conditions is brought to the agency's attention.  29 U.S.C. § 657(f).

7

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOES I, II, III, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:20-1260 |
| | ) | |
| MILTON AL STEWART, Acting | ) | (JUDGE MANNION) |
| Secretary of Labor, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania, and is a person of such age and discretion as to be competent to serve papers.

That on February 11, 2021, she served copies of the attached:

**Reply to Plaintiffs' Response to Suggestion of Mootness**

by ECF Filing upon:

David H. Seligman, Esquire
Lerae Kroon, Esquire

/s/ Sarah M. Duffy
SARAH M. DUFFY
Legal Assistant